313. CORPORATIONS.
See 297. Contracts. Klar v. Erie Rd. Co. et, OS. 6 Abs. 358.

355. DAMAGES.
See 625b. Indemnity Insurance. Youngstown Hipp. Co. v. Hartford Acc. & Ind. Co., OA. 6 Abs. 350.
See 941. Practice and Procedure, OA. 6 Abs. 354.

362a. DECEDENTS' ESTATES.
Marx v. Mitchell et, OA. 6 Abs. 355.

396. DIRECTED VERDICTS.
Valentine v. Pavilonis, OA. 6 Abs. 359.
See 829. Negligence. Schmidt v. Anderson et, OA. 6 Abs. 347.
See 1271. Wills and Legacies. Lyon v. Lyon et, OA. 6 Abs. 346.

413. DIVORCE AND ALIMONY.
State ex Kleinman v. Cleveland, OS. 6 Abs. 358.

447. FRAUD AND DECEIT.
See 54. Agency. Ellis et v. Benn & Co. et, OA. 6 Abs. 349.

465. ERROR PROCEEDINGS.
See 529a. Final Order. Neighbors v. Thistledown et, OA. 6 Abs. 359.

480. EVIDENCE.
See 661. Intoxicating Liquor. Hawkins v. State, OA. 6 Abs. 354.

529a. FINAL ORDER.
Neighbors v. Thistledown et, OA. 6 Abs. 359.

625b. INDEMNITY INSURANCE.
Youngstown Hippodrome Co. v. Hartford Acc. & Ind. Co., OA. 6 Abs. 350.

629. INDICTMENT.
See 661. Intoxicating Liquor. Hawkins v. State, OA. 6 Abs. 354.

631. INDUSTRIAL COMMISSION.
Worsley v. Indust. Com., OA. 6 Abs. 353.

635. INHERITANCE TAX.
See 1249. War Risk Insurance. Tax Comm. v. Rife et, OA. 6 Abs. 352.

645. INSOLVENCY.
See 126. Banks and Banking. State ex Blair v. Augustine et, OA. 6 Abs. 352.

647. INSURANCE.
See 1249. War Risk Insurance. Tax. Comm v. Rife et, OA. 6 Abs. 352.

659. INTERSTATE COMMERCE.
See 991. Railroads. Klar v. Erie Rd. Co. et, OS. 6 Abs. 358.

661. INTOXICATING LIQUOR.
Hawkins v. State, OA. 6 Abs. 354.

677. JUDGMENTS AND DECREES.
See 661. Intoxicating Liquor. Hawkins v. State, OA. 6 Abs. 354.
See 625b. Indemnity Insurance. Youngstown Hipp. Co. v. Hartford Acc. & Ind. Co., OA. 6 Abs. 350.

793a. MOTOR TRANSPORT.
See 216. Certificates. Minerva-Canton Transp. Co. v. P. U. C., OS. 6 Abs. 358.

797. MUNICIPAL CORPORATIONS.
State ex Groehlich & Emery Eng Co. v. Evans et, OA. 6 Abs. 348.

799. MUNICIPALITIES.
West. Res. Steel Co. et v. Cuyahoga Hts. (Vil.), OS. 6 Abs. 358.

829. NEGLIGENCE.
Valentine v. Pavilonis, OA. 6 Abs. 359.

829. NEGLIGENCE.
See 297. Contracts. Klar v. Erie Rd. Co. et, OS. 6 Abs. 358.
Schmidt v. Anderson et, OA. 6 Abs. 347.

(Continued on Page 360)

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

## LYON v. LYON et.

Ohio Appeals, 4th Dist., Gallia Co.

Decided Mar. 14, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**1271. WILLS AND LEGACIES—396. Directed Verdict.**
1. In action, in Common Pleas, to contest will, when contestees have offered, in evidence, will and order of Probate Court probating will, they have done all that is required and all that is permitted, under the statute.

2. Where instrument is physically such that it is possible for it to be a will and Probate Court was within its jurisdiction in finding it to be a will, order of Probate Court being such as that court has power to make, will, and order of Probate, sufficient to carry case to jury.

Error to Common Pleas.
Judgment reversed.

H. W. Cherrington, Gallipolis, for plaintiff in error.
R. M. Switzer, Gallipolis, for defendant in error.

STATEMENT OF FACTS.
Jennie V. Lyon brought her action, in the Common Pleas Court, against Alpheus E. Lyon and others to contest the will of Ansell A. Lyon. Following the requirements of Sect. 12083 GC., the contestees offered the will, and order of the Probate Court probating the will, in evidence, and rested. Thereupon the plaintiff moved for an instructed verdict, whereupon the trial court directed the jury to return a verdict to the effect that the will theretofore probated was not the last will and testament of the testator. Judgment was entered upon this verdict and a reversal of that judgment is sought in this court.

MAUCK, J.
"Circumstances may exist that justify a trial court in directing that an instrument duly admitted to probate is not the will of the testator. Sears v. Sears, 77 OS. 104. The rule must be this: If the Probate Court has jurisdiction to enter the order of probate in a given case, that order and the instrument thus probated must go to the jury, making a prima facie case that such instrument is the valid last will and testament of him who purports to have signed it. If, on the other hand, the instrument, on its face, bears unmistakable evidence that it is not a last will and testament because, on its face, it does not meet the requirements of the statute, the Probate Court has no power in the premises to probate the same and an order purporting so to do is void for lack of jurisdiction in the Probate Court to act in the premises.

The physical requirements of a will are fixed by Section 10505 GC. If an instrument, failing in any of these physical requirements, be

tendered for probate, the Probate Court is without jurisdiction to probate the same. If the instrument now under consideration was deficient in any of these respects the trial court was right in directing the verdict in this case. The single question before us then is whether or not this instrument failed to comply with Section 10505.

As the instrument was offered for probate and as it appeared when offered in evidence in the Common Pleas, it consisted of two handwritten sheets. They were attached to each other by a moveable clip capable of being readily removed and replaced. Taking the two sheets as they appeared, we find on the top of both sheets a printed letterhead, indicating that they had been printed for use in the testator's business affairs. The top sheet, below the printed letterhead, read as follows:

"In case my brother Alpheus E. Lyon should be removed by death before the time for my estate to be settled up then my nieces Flora and Lillian (daughters of Alpheus E. Lyon) may be qualified as executrixes without bond. Witnesses,

S. Cottrell,              Ansell A. Lyon.
C. W. Leaper.          Dec. 31, 1906."

The second or bottom sheet, after the printed letterhead, continued with the following:

"I, Ansell A. Lyon, of the city of Gallipolis, Gallia Co., Ohio, of lawful age and disposing mind and memory, and under no restraint whatever do hereby make and publish this my last will and testament, hereby revoking all former wills by me.

Item 1st.  I give to my brother Alpheus E. Lyon, now residing at Jacksonville, Ill., at the death of my wife (Jennie V. Lyon) all of my property wherever located consisting of real estate, notes, corporate certificates, vehicles and chattels of whatever kind, also moneys that may be in bank or in my possession. I also, hereby appoint my brother Alpheus E. Lyon executor without bond. If not convenient for my brother to serve he may name the party to act as Executor."

Manifestly, if the two sheets were transposed so that the bottom sheet were read first and the printed letterhead ignored, a form of will would be found.

If it is possible that this was the will of Ansell A. Lyon, the case should have gone to the jury. If it were not possible for it to be such will, the verdict was properly directed. Now the instrument was written, it was signed, by the testator, it was duly witnessed. If it is not capable of being a will such incapability rests solely upon the proposition that it was not signed at the end thereof.

This was the precise question raised and determined in Chandler v. Dockman, 8 Oh. Ap. 113. In that case a will with the same physical characteristics as Lyon's will was denied probate by the Probate Court. On appeal the will was admitted to probate by the Common Pleas. A contest was had and the jury was directed to enter a verdict for the contestees. This judgment was affirmed. The report shows that there was an agreed statement of facts but does not show what the agreement was. It is, however, unimportant. Manifestly the agreed facts must have strongly supported the will and conclusively and adversely affected the contestants' position or a directed verdict for the validity of the will could not have been sustained. The vital factor is that the physical features of the will were held sufficient and the probate thereof was sustained, and,

as the agreed statement could not have affected the statutory requirements, the case necessarily decided that a will signed as therein described met all the demands of the statute. We adopt the syllabus of that case as the law in the instant case.

For the reason that this instrument was physically such that it was possible for it to be a will, the Probate Court was within its jurisdiction in finding it to be a will. The order of the Probate Court being such an order as that court has power to make, the will and order to probate were sufficient to carry the case to the jury.

The judgment is reversed and the case remanded for further proceedings according to law."

(Middleton, PJ., and Thomas, J., concur.)